Missouri Pacific Railway Company et al. v. L. E. Speed.

No. 184.

1. **Rights of Railway Company when Granted Right of Way Upon a Street.**—A railway company having the right of way along a public street, has the right to cross a public road which crosses such street, with the duty of restoring the street to its former state, or to such state as does not unnecessarily impair its usefulness.

2. **Limitation — Constructing Railway Along Street.** — A railway company having the right to construct its road along a public street, has a reasonable time given it for such construction, and the consequent obstruction of the street. An owner of adjacent property has no right of action for such obstruction until after such reasonable time, and limitation does not run against him until the end of such time.

3. **Pleading — New Cause of Action.** — Original petition for damages charged, that a street had been obstructed, and that the work of construction was not done in a careful and skillful manner; obstructing ingress, etc., to plaintiff's premises. *Held*, that amendment giving details of such obstruction was not a new cause of action. See example.

4. **Obstructing Street — Joint Defendants.** —It not appearing by uncontroverted testimony that all three of the defendants had engaged in the act complained of, it was error in the charge, "that if one was guilty all were liable."

**5. Judicial Knowledge—Transfer of Railway.**—Courts will not judicially assume a transfer of one road to another to have been prior to a date given in the testimony for such transfer.

APPEAL from Bastrop. Tried below before Hon. DYER MOORE, Special District Judge.

*B. D. Orgain*, for appellants, cited: Railway v. Morris, 67 Texas, 692; Const., art. 10, sec. 6; Sayles' Civ. Stats., arts. 2303, 4138, 4143, 4247, 4175, 4176, 1317; Railway v. Rushing, 69 Texas, 306; Railway v. Long, 1 W. & W. C. C., 283; Railway v. Chaffin, 60 Texas, 554; Water Works v. Kennedy, 70 Texas, 233; Lyles v. Railway, 73 Texas, 95; Hardesty v. Ball, 22 Kan., 1095; 3 Am. Dig., 2359; 1 Wood's Ry. Law, 703, 704; City of Bridgport v. Railway, 36 Conn., 255; Brandon v. Mfg. Co., 51 Texas, 124; Fowler v. Davenport, 21 Texas, 635; Heidenheimer v. Ellis, 67 Texas, 428; Field on Dam., secs. 2, 167, 170.

*Fowler & Maynard*, for appellee.

KEY, ASSOCIATE JUSTICE.—This is a suit for damages, brought by appellee against the Missouri Pacific Railway Company, the Missouri, Kansas & Texas Railway Company, and the Taylor, Bastrop & Houston Railway Company, defendants in the court below and appellants in this court, to recover damages for alleged injuries to a certain lot and premises in the town of Elgin, in Bastrop County, owned by appellee. The suit was instituted October 4, 1888, and the amended petition upon which appellee went to trial was filed April 18, 1889. The verdict and judgment were for appellee.

Appellants' brief contains twenty assignments of error. Pretermitting those which call in question the action of the jury in passing upon the testimony, it may be stated, in general terms, that those assignments which raise questions not discussed in this opinion have been considered, and are regarded as without merit.

1. According to the undisputed testimony, the Taylor, Bastrop & Houston Railway Company had the right to construct its roadbed and track on and along Jackson Street, upon which the alleged injured premises abut; and this necessarily included the right to cross the public road which crosses the street immediately north of said premises. It was its duty, however, to restore said street to its former state, or to such state as not to unnecessarily impair its usefulness. Rev. Stats., art. 4170; Railway v. Able, 72 Texas, 150.

In many cases it would be impossible to construct the necessary grade and lay the ties and rails along a street without materially interfering with the facilities for ingress and egress to and from adjoining property.

As the work at a given point nears completion this interference generally diminishes, and often when the road is completed it entirely ceases. The conditions may be such, however, as that the road can not be constructed without rendering access to adjacent premises more inconvenient than formerly.

The law allows a reasonable time for the completion of the work; and pending its performance, the street may lawfully be excavated and placed in a condition which, if not materially changed, will be an invasion of the rights of adjoining property owners. But until the expiration of a reasonable time for the completion of the work and the restoration of the street, the owner of adjacent premises has no cause of action.

It follows, therefore, that the court did not err in refusing to charge the jury, as requested by appellants, that limitation against appellee's cause of action began to run from the beginning of the injury, however slight.

2. The court, in its main charge, instructed the jury, that if appellee was entitled to recover, and the defendants, the railway companies, acted together in the construction of the road, each one so acting would be liable; but at the request of appellee a special charge was given, telling the jury that if one company was liable all were liable.

It was error to give this latter charge, because it withdrew from and determined for the jury an important issue in the case, which, as against the Missouri Pacific Railway Company at least, was not clearly established by uncontroverted testimony.

The Taylor, Bastrop & Houston Railway was not conveyed to the Missouri Pacific Company until December, 1886, after the completion of most, if not all, of the work in question; and the evidence of Erhard, the only witness who connects this company with this work, is vague and uncertain, while Wathens' testimony tends to show that the portion of the work performed by him was not done for the Missouri Pacific Company.

By pointing out wherein this charge was erroneous as to the last named company, we do not wish to be understood as holding that it was proper to give such a charge as to the other companies.

Appellee contends, that if the charge was erroneous the error is harmless, as the courts take judicial knowledge of the relationship existing between these railway companies at the time in question.

Without determining how far judicial knowledge extends as to locations and connections of railway lines in this State, we do not concur in the proposition, that this court should take such knowledge of the fact that the Missouri Pacific Railway Company participated in the construction of the Taylor, Bastrop & Houston Railway prior to the transfer of the former to the latter, as disclosed by the record.

3. Appellee files a cross-assignment of error, and complains of the action of the court in holding that his claim for obstructing the highway

was not set up in his original petition; and that if more than two years elapsed from the time of such obstruction to the filing of his amended petition, his claim for such damage was barred.

This assignment is well taken. The original petition, though not as full and clear as the amended petition, claimed damages upon the ground that Jackson Street was obstructed, as well as upon the ground that the work was not done in a careful and skillful manner; and it was permissible to elaborate either of these grounds. The gravamen of appellee's complaint in both petitions is the obstruction of his right of ingress and egress to and from his premises by the construction of the Taylor, Bastrop & Houston Railway. The allegation that the street was injured and obstructed where another street or road crosses, did not set up a new cause of action.

For the error involved in giving the special charge above referred to, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered May 24, 1893.